IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                                   RESPONDENT

v.                                             Crim. No. 6:01-cr-60020
                                                Civil No. 6:10-cv-06053

RODNEY HARPER                                                                             MOVANT

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

      Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed herein by Rodney Harper (hereinafter referred to as "Movant"), an inmate confined at the Federal Correctional Institution in Memphis, Tennessee. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter the "Respondent") has responded. (Doc. No. 110). This matter is now ready for decision.

**I. <u>Background</u>**[1]:

      On March 18, 2002, Movant pled guilty to Possession with Intent to Distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and Possession of a Firearm in Furtherance of Drug Tracking Offense in violation of 18 U.S.C. § 924(c) as reflected in Counts 1 and 3 of a Superseding Indictment. (Doc. Nos. 75-76). On June 17, 2002, a sentencing hearing was held in which Movant was sentenced to a guideline sentence of 151 months on Count 1 and 60 months on Count 3 for a total of 211 months, 5 years supervised release, a $2,500 fine, and a $200 special assessment. (Doc. Nos. 78-80). On June 20, 2002, the Honorable Judge Robert T.

---

[1] The factual and procedural background presented is taken from the pleadings of the parties and the Court's docket in this case.

Dawson entered his Judgment and Commitment Order. (Doc. No. 80).

On June 25, 2002, Movant filed a notice of appeal of his sentence. (Doc. No. 81). On December 27, 2002, the Eighth Circuit entered its Judgment affirming the district court's sentence. *United States v. Harper,* 54 Fed. Appx. 246 (8th Cir. 2002). The Eighth Circuit later vacated the judgment to allow Movant to file a *pro se* brief but reinstated the original judgment on April 18, 2003. (Eighth Circuit Docket, Case No. 02-2680). Movant subsequently filed a Petition for Rehearing by Panel which was denied on May 21, 2003. *Id.* On May 29, 2003, the Eighth Circuit issued its mandate. *Id.*

On April 23, 2008, Movant filed a Motion for the Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c) based on the amendments to the Sentencing Guidelines (Amendments 706 and 711) reducing offense levels for crack cocaine by two levels. (Doc. No. 98). On May 8, 2008, Judge Dawson entered an order granting this motion and reduced the sentence for Count 1 from 151 months to 130 months. (Doc. No. 102). The sentence for Count 3 was not reduced. *Id.* On November 23, 2009, Movant filed a Motion to Reduce Sentence pursuant to "HR3245." (Doc. No. 103). Judge Dawson denied this motion on November 20, 2009. (Doc. No. 105).

On March 30, 2010, Movant filed a second Motion to Reduce Sentence. (Doc. No. 106). With that motion, Movant sought a reduction in his sentence for Count 3, claiming that the 60 month sentence could be served concurrently with his 130 month sentence and need not be served consecutively. *Id.* Movant claimed that two recent cases support such a holding: *United States v. Almony,* 598 F.3d 238 (6th Cir. 2010) and *United States v. Whitley,* 529 F.3d 150 (2nd Cir. 2008). On April 7, 2010, the Government responded to Movant's claims and argued that Movant was not entitled to a sentence reduction. (Doc. No. 107). Judge Dawson denied this motion on April 12, 2010. (Doc. No. 108). On July 13, 2010, Movant filed the current Section 2255 Motion. (Doc. No. 109). This

motion is now before this Court.

**II. Current Motion**:

Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on July 13, 2010. (Doc. No. 109). In this motion, Movant claims he raises a "novel issue of law." Movant claims his Count 3 sentence of 60 months should run concurrently with his Count 1 sentence instead of consecutively. Movant claims the holdings from both the Second Circuit (*United States v. Whitley,* 529 F.3d 150) and the Sixth Circuit (*United States v. Almany,* 598 F.3d 238) support his claim that this sentence should run concurrently.

Movant recognizes the one-year limitation for bringing a Section 2255 Motion but claims that his motion falls under an exception to that rule. Specifically, Movant claims the present Section 2255 Motion is not time-barred because *United States v. Almany* was not decided until March 10, 2010. Movant claims *Almany* provides for a "newly recognized" right. Thus, he argues that he could not have raised this issue until that date. Since he filed the present motion on July 13, 2010, he claims he is within the one-year limitations period.

**III. Discussion**:

  **A. One-Year Limitations Period**

In general, a motion by a federal prisoner for post-conviction relief under 28 U.S.C. § 2255 is subject to a one-year statute of limitations that runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment may become final at different times, depending upon whether a petition for a writ of certiorari seeking review by the United States Supreme Court is filed. *See Clay v. United States,* 537 U.S. 522, 532 (2003). Where no such petition is filed, the one-year statute of limitations begins to run once the time for seeking review by the United States Supreme Court expires. *Id.* (holding that "for federal criminal defendants who do not file a petition

for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires").

According to the rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.  *See* SUP. CT. R. 13.  Therefore, where no petition for a writ of certiorari is filed, a petitioner generally has one year to file a Section 2255 Motion, and this one-year period starts 90 days from the entry of judgment by the court of appeals.

In this case, Movant filed no petition for a writ of certiorari, and the Eighth Circuit entered judgment on this case on April 18, 2003.[2]  The one-year limitations period began to run 90 days from April 18, 2003 or on July 17, 2003.  Accordingly, under the general limitations period for 28 U.S.C. § 2255, Movant had until July 17, 2004 to file a Section 2255 Motion.  In the present action, Movant did not file his Section 2255 Motion until July 13, 2010. Unless an exception to this rule applies, Movant is time-barred.

**B.     "Newly Recognized" Right**

Pursuant to 28 U.S.C. § 2255(f)(3), an "exception"[3] to the general one-year limitations period applies where "the right asserted [by the movant] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases

---

[2] The Eighth Circuit did not issue its mandate until May 29, 2003.  The rules for the United States Supreme Court are clear, however, that the 90-day time begins to run on the date of the *entry* of judgment, not the date of the *mandate.  See* SUP. CT. R. 13(3) (stating "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).").

[3] This is not listed as an "exception" to the one-year statute of limitations.  However, since the rule in 28 U.S.C. § 2255(f)(1) is used in most instances, the standards set forth 28 U.S.C. § 2255(f)(2) - (f)(4) usually operate as the exceptions to the general rule.

on collateral review." In the present action, Movant cites two cases in support of his claim that he has a "newly recognized" right. (Doc. No. 109). These cases are the following: *United States v. Almony,* 598 F.3d 238 (6th Cir. 2010) and *United States v. Whitley,* 529 F.3d 150 (2nd Cir. 2008).

However, even assuming both of these cases provide for a "newly recognized" right that was "made retroactively applicable to cases on collateral review," neither case is a United States Supreme Court case. Section 2255(f)(3) requires that the "newly recognized" right be established by the United States Supreme Court. Movant, therefore, has not met the requirements of 28 U.S.C. § 2255(f)(3). As such, this motion is time-barred.

IV. <u>Recommendation</u>:

Accordingly, based on the foregoing, it is recommended the instant motion (Doc. No. 109) be **DENIED** without prejudice.[4]

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 27th day of July, 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] A petition for certiorari has been filed in the case of *United States v. Almony,* 598 F.3d 238 (6th Cir. 2010). Assuming this petition is granted and the Supreme Court issues a ruling that (1) satisfies the requirements of 28 U.S.C. § 2255(f)(3) and (2) applies to the facts in Movant's case, Movant may re-file his Section 2255 Motion. In all other respects, Movant's 2255 Motion should be denied with prejudice.